The opinion of the court was delivered by
Carpenter J.
It may be very doubtful, how far it is advisable, in ordinary cases, to file but a single demurrer to three distinct pleas ; for under the rules of pleading, as heretofore understood, if either plea be good, judgment would be given against the demurrant. I am aware of the doubts lately thrown over this rule in England, by the learned note to the case of Hinde v. Gray, 1 Mann. & Gran. 201, 39 E. C. L. 416. See also the remarks of Parke B. in Briscoe v. Hill, 10 Mees. & Welsh. 735, and of Tindal C. J. in Corrigal v. London Railway, 5 Mann. & Gran. 244. Perhaps the rule is now too well settled to be readily disturbed. It is a point, however, not necessarily drawn in question in the present case.
The plaintiff’s declaration contains two counts. The first sets out the former judgment, obtained by the plaintiff against the defendants as administrators, the award of execution, upon scire lacias; and then suggests a devastavit. In the second, the plaintiff states the judgment, the award of execution, the writ of fieri facias and the return nulla hona of the sheriff, the further return that the defendants had eloigned, wasted, and converted to their own use the goods and chattels of the decedent; and then likewise as before, suggests a devastavit. As on demurrer the court will consider the whole record, and will go back to the first error in pleading, our attention has been called to the first count in the declaration as defective, in not showing any fi.fa. issued or any return nulla hona by the sheriff. But that count appears to have been drawn from established precedents, and I think it sufficient. This action may be brought on the judgment, upon a bare suggestion of a devastavit, without any writ of fieri facias first taken out upon the judgment. It was so brought and sustained in the case of Wheatly v Lane, 1 Saund. R. 216. Although usual, and highly expedient, for the plaintiff to proceed upon a return by the sheriff, which, as will be seen presently, is prima facie proof of waste by an executor or administrator, yet *574 such mode of declaring is not indispensable. Probably, to sustain the first count, the plaintiff would be under the necessity of proving actual waste and conversion by the administrators; and the plaintiff in that count, having put herself on matter in pais, I am inclined to believe such proof to be necessary, yet if she do so, the count and the proof will be sufficient.
The plaintiff maintains that the first plea is not good in substance, because, as alleged, it is an attempt to put in issue matter not traversable; matter of inference, which the defendants are not permitted to deny. That, the plaintiff having recovered a judgment against the defendants, in which there had been no plea of plene administravit either pleaded or sustained, the defendants are concluded by that judgment. That they cannot be permitted to set up a plea in this action, which, admitting the judgment, would go to discharge them of the liability so fastened upon them. It is true that the defendants are concluded by such judgment from denying assets. A judgment against an executor or administrator, whether by default or on demurrer, or upon any plea except plene administravit, or assets to a certain amount and riens ultra, is conclusive upon him that he has assets to satisfy such judgment. See Howell’s, adm’x v. Potts’ adm’rs. 1 Spenc. 4. Haines v. Price, executor of Price, 1 Ib. 480. Such executor or administrator will therefore be ultimately liable to discharge such judgment, and may be made personally liable, if assets of the decedent cannot be found and the debt thus satisfied. Having admitted assets in his possession, he cannot escape this ultimate liability. But it does not thence follow, that the suggestion or allegation, that the executor or administrator has eloigned and wasted the assets of the decedent, may not be traversed. The eloignment, waste and conversion of the assets are material allegations, by which the personal liability of the executor is to be fixed. Though the judgment is conclusive evidence of assets, yet it is by no means evidence, and much less conclusive evidence, of the alleged waste and conversion. The executor may be made personally liable, yet it is only on failure of the judgment creditor to obtain satisfaction from the assets of the decedent.
Neither is the return of the sheriff conclusive. The return of *575 the sheriff comes in the place of the scire fieri inquiry, and the executor or administrator may traverse the devastavit, whether it bo found by the inquisition or returned by the sheriff. The traverse that may be taken to the inquisition found, and the defence which may be set up, in debt on judgment against an executor upon a devastavit returned by the sheriff, rest on the same ground. Nil debet or not guilty may be pleaded ; according to the well settled authorities on this subject, either is a good plea. It has been lately ruled in the Hudson Circuit Court, by the Chief Justice, on demurrer, that not guilty is a good plea in debt on judgment suggesting a devastavit. The judgment is but inducement; the matter of fact, viz: the devastavit, is the foundation of the action. Coppin v. Carter, 1 T. R. 462. Warren v. Consatt, 2 Id. Raym. 1502.
An executor or administrator cannot in such case plead any plea which puts the defence upon want of assets, for such plea would be contrary to what is admitted by the judgment; nor can his proof be inconsistent with such conclusive admission. He cannot plead plene administravit, because assets are admitted by the previous judgment obtained against him ; but his personal liability depending upon the truth of the suggestion, that he has eloigned, wasted and converted to his own use the assets of the decedent, admitted to have been in his hands, that suggestion, whether founded on the sheriff’s return, or resting simply on matter in pais, becomes material and may be controverted.
On the second count, which sets out the fieri facias and a devastavit returned by the sheriff, the judgment and return, says Sergeant Williams, 1 Wms. Saund. 337, note 1, are almost conclusive evidence. In Leonard v. Simpson, 2 Bingh. N. C. 176. 29 E. C. L. 297, the production of the judgment and of a testa,turn fi. fa., upon which the sheriff had returned nulla bona testator is and a levy of costs, de bonis propriis, was held, being unanswered, sufficient evidence of a devastavit. “ In reason and good sense,” says Chief Justice Tindal, in the case just ciled, “ very little evidence ought to be necessary for that purpose. It is his, (the executor’s), duty when called upon by notice, or by a writ of execution, either to satisfy the debt out of the moneys of the testator, or to show the assets to the sheriff, that he may *576 make the debt out of them ; and accordingly, very slender evidence has at all times been held to be sufficient to prove the devastavit. The issuing of a writ of fi. fa., directed to the sheriff of the county where the action was laid, and a return nulla bona thereto, has, for a long time past, been deemed evidence enough.” Whatever evidence, therefore, may be necessary on the part of the plaintiffKto sustain the first count in this action, on the second the above evidence would prima facie be sufficient, and entitle her to a verdict on a plea of not guilty to the devastavit. It is not necessary to say, what proof would be sufficient to rebut such prima facie case made by the plaintiff, though it is said, “ if the sheriff should return that there were no goods, the defendant may prove that there were, and that he showed them to the sheriff.” 1 Wms. Saund. 219, C. note 7. Leonard v. Simpson, cited supra.
I have gone thus far into this subject, as necessary to a full understanding of this point, and to show on what ground a plea, denying the suggestion of a devastavit, is good, and may be sustained. The plea in .the present case, although it is not strictly speaking a plea of not guilty, yet directly denies and traverses (except so far as will be presently noted, and therein it is defective,) the suggestion of the plaintiff and is sufficient. It is in the nature of a plea of not guilty.
It is hardly necessary to notice some of the causes of demurrer to this plea, assigned and urged on the part of the plaintiff. Although no time and place are alleged, yet his plea in this respect is sufficient. Being á mere negative averment, the general rule as to time and place does not apply ; per Buller J. 5 T. R. 616; so that the plea does not aver that the defendants had fully administered, &c.; and that the defendants had not, at the time of the commencement of this suit, any goods and chattels, &c., which came, &c., to be administered. Though such averments may be necessary in a plea of plene administravit, yet this is not such plea; neither can the defendants plead such plea in this suit. They are concluded by the former judgment, recovered against them, and cannot deny assets. But this first plea is obviously defective in one particular. The suggestion in the plaintiff’s declaration is, that the defendants eloigned, wasted, &c., the goods *577 and chattels, which came to the hands of the defendants to be administered. The plea is, that they or either of them did not eloign, waste, &c., the goods and chattels which came to the hands of the said William Potts to be administered. The plea is not broad enough; it relates only to what came to the hands of one administrator. It does not apply to what came to the hands of the co-administrator, and for this reason is insufficient.
The second and third pleas are deficient, both in form and substance. They seem to have been intended to raise the defence, provided in certain cases, and to a certain extent, by the act concerning the estates of persons who die insolvent, passed the 12th of June, 1820. Rev. L. 766. Elm. Dig. 169. Both pleas are entirely insufficient, in not averring time and place in connection with material and traversable facts. The second plea contains no allegation of time and place, in connection with any fact averred therein. The third plea is in a similar respect insufficient, except that it alleges the time when the Orphans’ Court, under the above act, made an order directing public notice to be given to the creditors of the above named Edward W. Potts deceased, to exhibit their claims against his estate under oath or affirmation. In neither plea is it shown, when the application was made to the Orphans’ Court, representing the insolvency of the estate of the intestate, upon which such order was made. The importance and necessity of showing the time of making such application is obvious from this consideration ; that such proceedings form no bar to proceedings by a judgment creditor against the administrators, unless the said application was made before the recovery of the judgment against them. If the creditor of the decedent recover his judgment against the administrators before the application, their liability is fixed, and the proceedings in the Orphans’ Court form no defence in their behalf. It is only when the application is made before action brought or pending the action against an executor or administrator, that the statute provides that “ no execution shall in any case issue after the making of said application.” Elm. Dig. 171 pl. 35. This point was fully settled, and I apprehend satisfactorily, in a prior decision pronounced between these very parties. 1 Spenc. R. 1. Without further observation, I am of opinion, that *578 the second and third pleas are insufficient, because they do not show, that an application was made by the administrators to the Orphans’ Court before the recovery of the judgment against them.
So much under the assumption, that the proceedings in the Orphans’ Court, under some circumstances, form a defence to the action, and that such defence can be raised by plea. In relation to the subject matter of the second plea, as I take it, the statute does not bar the action; it says the creditor may proceed to judgment, and simply provides that “ no execution shall in any case issue after the making of said application; and the amount of such judgment when recovered, shall be the sum on which the creditor shall receive his ratable proportion, &c.” If within the provisions of the statute, the relief provided may be obtained by motion, and is not the subject matter of a plea. Spenc. R. 5.
In regard to the third plea, how can the defendants, after a judgment obtained against them as administrators, plead in an action on that judgment, that the creditor did not present his claim or demand under oath or affirmation ? If such matter can be pleaded with effect, it necessarily must form a defence to the first suit, and that opportunity waived or lost, such plea can form no defence to this subsequent action on the prior judgment.
The demurrer must be sustained and judgment entered for the. plaintiff.
Judgment for the plaintiff.
Whitehead and Randolph J. J., not having heard the argument, expressed no opinion.
Cited in Southard v. Potts, 2 Zab. 284.